UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDY ESTUPINAN NUNEZ,

      Petitioner,

    v.

WARDEN MATTHEW MORDANT,
GARRETT RIPA, ACTING
DIRECTOR-ICE TODD LYONS,
SECRETARY MARKWAYNE
MULLIN, TODD BLANCHE,  US
IMMIGRATION AND CUSTOMS
ENFORCEMENT,  EXECUTIVE
OFFICE FOR IMMIGRATION
REVIEW,  DEPARTMENT OF
HOMELAND SECURITY,

      Respondents.

Case No. 2:26-cv-1316-KCD-NPM

## **ORDER**

Petitioner Sandy Estupinan Nunez is a citizen of Cuba. He was apprehended while entering the United States at the Texas border, and an immigration officer denied him admission. He was then released and lived freely under supervision in the United States. Earlier this year, Immigration & Customs Enforcement arrested him. He has filed a habeas corpus petition challenging his continued detention. (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Immigration and Nationality Act ("INA") and the Fifth Amendment. (*Id.* at 15-16.) Respondents concede that Nunez is entitled to a bond hearing based on the Eleventh Circuit's recent decision, *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026). (Doc. 10.) The Court agrees.

Since the Eleventh Circuit's decision, this Court has found that aliens who are stopped at the border and released into the country, like Nunez, fall under 8 U.S.C. § 1226 and are entitled to a bond hearing. *See Garcia v. Warden, S. Fla. Det. Facility*, No. 2:26-cv-1143-KCD-NPM, 2026 WL 1345914 (11th Cir. May 14, 2026).

Nunez seems to request his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Nunez is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide Nunez with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

To the extent Nunez also seeks relief under the Fifth Amendment, such claims are not addressed "given that the Court [is granting] the relief [he is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If the Government does not provide Petitioner with a bond hearing as ordered or he remains in custody, he can renew any other claims in a subsequent suit.

Accordingly, the Amended Petition for Writ of Habeas Corpus (Doc. 6) is **GRANTED IN PART AND DENIED IN PART**. The Court orders the Government to provide Petitioner with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on May 15, 2026.

Kyle C. Dudek
United States District Judge

3